E-FILED
Monday, 18 April, 2005 11:31:26 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No: 04-3060 |
| ROBERT SPATES d/b/a SPATES CONSTRUCTION, | ) ) ) | |
| Defendant. | ) ) | |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE TO MOTION IN LIMINE

Plaintiffs, CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, *et al.*, herein submit the following Memorandum of Law in Support of Plaintiffs' Response to Motion in Limine.

### ARGUMENT

Defendant asserts that Plaintiffs should be prevented from "introducing any evidence, documents, exhibits, statements or comments by witnesses or counsel concerning claims for contributions against Robert Spates while doing business as Spates Construction which includes, in whole or in part, the time frame prior to and including December 28, 1998 as barred by this Court."

The Defendant cites no Federal Rules of Evidence in support of his position but seems to assert that because he was personally discharged in a Chapter 7 bankruptcy as of December 28, 1998, all evidence prior to such date should be barred. In its Order dated July 9, 2004, this Court held that liabilities incurred by Spates prior to December 28, 1998 are barred because of the bankruptcy. (See pages 8 and 16 of July 9, 2004 Order). However, the Court also held that "[t]here remains a genuine issue of material fact, however, as to whether Spates Contracting, Inc.

1

adopted, by its conduct, the Agreements in place between the Funds and Spates Construction and became liable to the Funds for contributions. There is additionally a genuine issue of material fact as to whether Spates took the assets of Spates Contracting, Inc. after dissolution and became personally bound to pay the obligations of Spates Contracting, Inc." (**See** page 16 of July 9, 2004 Order). As the Court recognized, there were Agreements in place and the parties relationship arose from such Agreements. (**See** page 3 of July 9, 2004 Order). Thus, the parties' underlying Agreements are highly relevant and essential evidence in this case regardless of the fact that such Agreements were signed prior to 1998. The first step of the case is to determine the underlying obligation. The second part of this case is to determine who is liable for such obligations after 1998 when Spates continued to report and make contributions to the Funds. As the Court noted, "[f]rom January 2000 forward . . . Spates at times filed reports and made contributions in the names of both Spates Contracting, Inc. and Spates Construction." (**See** page 5 of July 9, 2004 Order). "This joint reporting was repeated for the months February 2001 through May 2001." (**See** page 5 of July 9, 2004 Order). Under Federal Rule of Evidence 402, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." The parties' Agreements and all evidence concerning the underlying obligations are admissible.

      **WHEREFORE**, Plaintiffs, CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, *et al.*, by its attorneys, respectfully pray that this Court deny Defendant's Motion in Limine.

      CENTRAL LABORERS' PENSION, WELFARE
AND ANNUITY FUNDS, *et al.*, Plaintiffs,

By:  s/ James P. Moody
JAMES P. MOODY
**CAVANAGH & O'HARA**
Attorneys for Plaintiffs
407 East Adams Street
P. O. Box 5043
Springfield, IL 62705
Telephone: (217) 544-1771
Facsimile: (217) 544-5236
E-mail: jim@cavanagh-ohara.com

3

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served upon each of the addressees hereinafter set forth by enclosing the same in an envelope plainly addressed to each of said addressees, affixing first-class postage thereto and depositing the same with the United States Mail at Springfield, Illinois on the 18th day of April, 2005:

Robert Spates
710 N. Dunham
Decatur, IL 62522

s/ James P. Moody
JAMES P. MOODY
**CAVANAGH & O'HARA**
Attorneys for Plaintiffs
407 East Adams Street
P. O. Box 5043
Springfield, IL 62705
Telephone: (217) 544-1771
Facsimile: (217) 544-5236
E-mail: jim@cavanagh-ohara.com

F:\files\CENTRAL\Spates Construction\response.motioninlimine.wpd