**E-FILED**
Tuesday, 19 April, 2005  03:54:48 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No: 04-3060 |
| ROBERT SPATES d/b/a SPATES CONSTRUCTION, | ) ) ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO JOIN SPATES CONTRACTING, INC.

Plaintiffs, CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, *et al.*, herein submit the following Memorandum of Law in Support of Plaintiffs' Motion to Join Spates Contracting, Inc.

## STANDARD ON MOTION TO JOIN

Pursuant to Federal Rule of Civil Procedure 19(a), "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence, complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the litigation and is so situated that the disposition of the action in the person's absent's may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a).

"The structure of Rule 19 reflects the analytical sequence a court should follow in deciding a party joinder problem. Once the joinder issue is raised, the court must first determine whether the

person sought to be joined satisfies the criteria under Rule 19(a). If the person qualifies as a necessary party, the court shall order that he be made a party. Fed.R.Civ.P. 19(a). If however, the court cannot join the party because to do so would destroy jurisdiction or the party is not subject to service of process, the court must examine the four considerations described in Rule 19(b) to determine whether the action should go forward in the party's absence or whether the action must be dismissed. 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1604. Thus, to join a party pursuant to Rule 19, the party must first be found necessary to the action under the criteria of subsection (a)." U.S.C.C. Management Co. v. Ogden Allied Sec. Services, Inc., 1990 WL 106490, at 2 (N.D.Ill., July 09, 1990). A copy of this case is attached as **Exhibit A**.

Pursuant to Federal Rule of Civil Procedure 20(a), "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

"Rule 20's standards are less restrictive . . . . Joinder is strongly encouraged where it will promote trial convenience and prevent multiple lawsuits . . . . Consequently, Rule 20's two requirements, same transaction or occurrence and common question of law or fact, have been interpreted quite liberally by the courts . . . ." U.S.C.C. Management Co., 1990 WL 106490, at 4 (N.D.Ill., July 09, 1990).

## FACTS

In its July 9, 2004 Order, the Court found the following facts:

"The Funds are maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA, 29 U.S.C. § 1001 et seq. The Funds' addresses and places of business are in Jacksonville, Illinois (Morgan County). Defendant is Robert Spates (Spates) who resides and does business in Decatur, Illinois (Macon County).

Spates' relationship with the Funds arose from contacts he made doing business as Spates Construction. Spates Construction employed workers who were members of Laborers' International Union of North America, AFL-CIO (Union), a participant in the Funds. Participation Agreements (Agreements) were executed by the respective unions and Spates, doing business as Spates Construction, obligating Spates Construction to contribute to the Funds . . . .

Spates states that he ceased doing business as Spates Construction in the Fall of 1997. On January 6, 1998, Spates incorporated Spates Contracting, Inc. as an Illinois corporation. Spates became the president and sole shareholder of the newly formed corporation. That same year, Spates personally filed for Chapter 7 bankruptcy on September 18, 1998, listing the Funds as unsecured creditors. Spates received a discharge in bankruptcy on December 28, 1998. The Funds' evidence indicates that Spates Contracting, Inc. was involuntarily dissolved by the Illinois Secretary of State on June 1, 2000.

Spates Contracting, Inc. never signed the Agreements; however, it did contribute to the Funds on behalf of its employees. It filed for (6) reports, with accompanying contributions to the Funds, between September 1998 and December 1999. Spates executed these reports as the president of Spates Contracting, Inc.

From January 2000 forward, however, Spates at times filed reports and made contributions in the names of both Spates Contracting, Inc. and at other times did so in the name of Spates Construction. For example, on a monthly basis from January 2000 through May 2000, Spates submitted reports in the name of Spates Construction Co. For the month of June 2000, however, Spates submitted reports for both Spates Contracting, Inc. and Spates Construction Co. As president, he executed a report from Spates Construction Co. to Local # 159 and another report from Spates Contracting, Inc. to Local #703. This joint reporting was repeated for the months February 2001 through May 2001. From January 2000 on, Spates submitted eighteen (18) reports on behalf of Spates Contracting, Inc. and fourteen (14) reports on behalf of Spates Construction Co. to the Funds . . . . " **See** "Statement of Facts" on pages 3 -5 of July 9, 2004 Order.

On or about April 1, 2005, Spates Contracting, Inc. was reinstated with the Illinois

Secretary of State as a corporation. A copy of the Illinois Secretary of States' records is attached

as **Exhibit B.**

## ARGUMENT

Had Spates Contracting, Inc. (the "company") not been a dissolved corporation from June 2000 through the date Plaintiffs filed its First Amended Complaint on August 19, 2004, Plaintiffs would have named the company as a defendant in this lawsuit.

Under Rule 19, the first inquiry is whether Spates Contracting, Inc. is subject to service of process and if joining the company would deprive the Court of jurisdiction. The company is an Illinois corporation subject to process. The subject matter of this action is delinquent contribution pursuant to ERISA, 29 U.S.C. § 1001 et seq. Thus, the Court retains jurisdiction over this federal question.

The next inquiry is to consider the four (4) factors under Rule 19(b). The first is to what extent does a judgment rendered prejudice the parties. As the Court previously stated, there remains a genuine issue of material fact as to whether the company adopted the Agreements between Spates and the Funds. See page 16 of July 9, 2004 Order. There also remains an issue as to whether Spates is personally liable for the contributions. Id. If the Court renders a judgment that Spates is not personally liable for the corporation's debts, then Plaintiffs are prejudiced. Plaintiffs would then have to file a second lawsuit against Spates Contracting, Inc. and perhaps have to address the issues of res judicata or collateral estoppel in that second lawsuit. Plaintiffs cannot envision a means to lessen or avoid this prejudice which is the second factor of Rule 19(b). The third factor is whether a judgment rendered in the absence of Spates Contracting, Inc. will be adequate. If the Court determines that the company adopted the parties' Agreements but Spates is not personally liable, there is no adequate remedy for Plaintiffs. A second lawsuit would have to be filed. The fourth factor is whether Plaintiffs will have an adequate remedy if the company is not joined. Again, the answer is no under the above scenario.

4

Under the less restrictive standards of Rule 20, where the same transaction or occurrence and common questions of law or fact have been interpreted quite liberally, Spates Contracting, Inc. should be joined as a defendant in this action.  First, joinder will promote trial convenience and prevent multiple lawsuits.  Second, there are common questions of law in that the actions against Spates and Spates Contracting, Inc. are the same claims under ERISA.  Plaintiffs are asserting such claims jointly, severally, and in the alternative against the defendant and Spates Contracting, Inc. Third, the right to relief (ERISA) arises out of the same transactions or occurrences such as the parties entering into Agreements, adoption of such Agreements by the company, and defendants' conduct of reporting and paying contributions.  Finally, joining Spates Contracting, Inc. at this time will not hinder or delay discovery.  The are few witnesses in this case.  The company's sole shareholder and owner is Robert Spates.  The parties have exchanged interrogatories and requests to produce and there is sufficient time to conduct depositions.

**WHEREFORE**, Plaintiffs, CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, *et al.*, by its attorneys, respectfully pray that this Court grant its Motion to Join Spates Contracting, Inc.

CENTRAL LABORERS' PENSION, WELFARE
AND ANNUITY FUNDS, *et al.*, Plaintiffs,

By:   s/ James P. Moody
JAMES P. MOODY
**CAVANAGH & O'HARA**
Attorneys for Plaintiffs
407 East Adams Street
P. O. Box 5043
Springfield, IL 62705
Telephone: (217) 544-1771
Facsimile: (217) 544-5236
E-mail: jim@cavanagh-ohara.com

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served upon

each of the addressees hereinafter set forth by enclosing the same in an envelope plainly

addressed to each of said addressees, affixing first-class postage thereto and depositing the same

with the United States Mail at Springfield, Illinois on the 19th day of April, 2005:


Robert Spates
710 N. Dunham
Decatur, IL 62522


s/ James P. Moody
JAMES P. MOODY
**CAVANAGH & O'HARA**
Attorneys for Plaintiffs
407 East Adams Street
P. O. Box 5043
Springfield, IL 62705
Telephone: (217) 544-1771
Facsimile: (217) 544-5236
E-mail: jim@cavanagh-ohara.com


F:\files\CENTRAL\Spates Construction\motiontojoin.wpd