Westlaw.

Not Reported in F.Supp.                                                                                                     Page 1
1990 WL 106490 (N.D.Ill.)

(Cite as: 1990 WL 106490 (N.D.Ill.))

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
U.S.C.C. MANAGEMENT COMPANY, Plaintiff,
v.
OGDEN ALLIED SECURITY SERVICES, INC.; and **Ogden Allied** Building Service Corporation, Defendants.
OGDEN ALLIED SECURITY SERVICES, INC., and **Ogden Allied** Building Service Corporation, Counterplaintiffs,
v.
U.S.C.C. MANAGEMENT COMPANY, Counterdefendant.
No. 90 C 1389.

July 9, 1990.

*MEMORANDUM OPINION*

KOCORAS, District Judge:

*1 This matter comes before the court on defendants' motion to join additional parties and assert counterclaims against those parties. For the reasons set forth below, defendants' motion is granted.

DISCUSSION

Plaintiff U.S.C.C. Management Company's complaint against defendants Ogden Allied Security Services ("Ogden Security") and Ogden Allied Building Service Corporation ("Ogden Service") asserts a cause of action for breach of contract. Specifically, plaintiff alleges that defendants contracted to perform janitorial and security services in a downtown Chicago office building managed by the plaintiff and did not comply with the terms of either contract in rendering those services. Plaintiff claims that due to Ogden Security's inadequate performance, tenants in the building and visitors to the building experienced an inordinate amount of thefts, break-ins, and attacks. Additionally, plaintiff claims that Ogden Service failed to perform cleaning services as required under that contract.

The defendants responded to the complaint by denying the plaintiff's allegations of breach and also by bringing several counterclaims against the plaintiff management company. Defendants allege plaintiff has breached the contracts by refusing to pay the defendants amounts allegedly due under the contract. The defendants now seek to file a supplemental counterclaim against the legal and beneficial owners of the building in which defendants rendered their cleaning and security services. Joining these additional parties is the subject of this motion.

Defendants invoke Federal Rule of Civil Procedure 13(h) and contend that they are entitled to join these additional parties in accordance with the joinder provisions of the Federal Rules of Civil Procedure 19 and 20. Defendants argue that LaSalle National Bank, 220 South State Street Partnership, Donald Hoffman and Marvin Smollar ("Owners"), as the owners of the building, are necessary parties under Rule 19. Specifically, defendants contend that the plaintiff management company is merely the agent of the Owners. According to defendants, complete relief cannot be accorded to Ogden Services and Ogden Security in the Owners' absence because the Owners as principals would be primarily liable on the contracts. Defendants base their allegations of an agency relationship on the status of the parties, i.e. owner and property manager, as well as paragraph 5 of plaintiff's complaint in which plaintiff describes itself as the managing agent of the owners of the building.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.    Page 2

1990 WL 106490 (N.D.Ill.)

**(Cite as: 1990 WL 106490 (N.D.Ill.))**

Defendants claim that Federal Rule of Civil Procedure 20's permissive joinder standard provides an alternative vehicle through which the Owners may be joined as parties. Defendants contend that because the right to relief asserted against the Owners arises out of the same series of transactions and occurrences as, and involves questions of law and fact common to, defendants' counterclaim against U.S.C.C., Rule 20 may be invoked.

**\*2** Plaintiff argues that the Owners should not be joined in this suit and the additional counterclaims should not be filed. Plaintiff claims to be the sole party to the contracts, and thus, if defendants are entitled to relief under the contracts, complete relief could be had through plaintiff only. Accordingly, the Owners do not constitute necessary parties under Rule 19. With respect to permissive joinder, plaintiff argues first, that because the Owners are not parties to the contracts, defendants have no right to relief as against the Owners. Second, and somewhat redundantly, plaintiff contends that because the Owners were not parties to the contracts at issue, no questions of law or fact common to all defendants can possibly arise in the action. Plaintiff essentially argues that defendants have failed to state a viable claim against the Owners.

### I. Necessary Joinder

Federal Rule of Civil Procedure 13(h) permits persons other than parties to the original action to be joined and made parties to a counterclaim or cross-claim. The rule indicates that the requirements of either Rule 19 or Rule 20 must be satisfied to join such persons as parties. The defendants in this case attempt to join the Owners pursuant to Rule 19 and alternatively under Rule 20. We begin with an analysis of Rule 19.

The structure of Rule 19 reflects the analytical sequence a court should follow in deciding a party joinder problem. Once the joinder issue is raised, the court must first determine whether the person sought to be joined satisfies the criteria under Rule 19(a). If the person qualifies as a necessary party, the court shall order that he be made a party. Fed.R.Civ.P. 19(a). If, however, the court cannot join the party because to do so would destroy jurisdiction or the party is not subject to service of process, the court must examine the four considerations described in Rule 19(b) to determine whether the action should go forward in the party's absence or whether the action must be dismissed. 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1604. Thus, to join a party pursuant to Rule 19, the party must first be found necessary to the action under the criteria of subsection (a).

Rule 19 defines a necessary party as one having a particular type of interest in the litigation. The rule states that a party is necessary if:

(1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may

(i) as a practical matter impair or impede his ability to protect that interest or

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.

Fed.R.Civ.P. 19(a). Because joinder is sought by a party to the suit, subsection (a)(1) sets forth the appropriate standard, and therefore, we need not address subsection 2.

**\*3** Defendants claim that the plaintiff in this case is the mere agent of the Owners and thus, essentially, not the real party in interest. Consequently, defendants fear that if they were awarded the relief they request in their counterclaim, it would be a hollow victory as defendants would have no recourse against the plaintiff. Plaintiff counters by contending that it is the sole party to the contracts and by implication argues that it is not the agent of the Owners. Accordingly, if defendants have money coming to them it is the plaintiff who will pay the sum.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
1990 WL 106490 (N.D.Ill.)

**(Cite as: 1990 WL 106490 (N.D.Ill.))**

Whether complete relief can be had in this case through the present parties to the action is a question which turns not only on the fact of an agency relationship, but also on the type of agency relationship if one is determined to exist. If it is true that plaintiff is the sole party to the contract, the Owners would not be necessary parties to this action. If, on the other hand, the plaintiff acted as the agent of the Owners and the Owners were disclosed to the defendant, defendants quarrel would be with the Owners and not the plaintiff management company. *See Freeman v. Liu,* 112 F.R.D. 35, 39 (N.D.Ill.1986) (citing Illinois law, agent generally not liable when acting on behalf of disclosed principal). However, if the plaintiff acted as the agent of the Owners, but the Owners were not disclosed to the defendants, the defendants would have recourse as against the plaintiff. *Id.* (if agent makes contract with third party on behalf of undisclosed or partially disclosed principal, agent is personally liable to third party). Finally, if the plaintiff and the Owners were copromisors, the Owners would be primarily liable to defendants and the plaintiff would act as a surety. *Id.* Thus, an analysis of agency law and its application to this case is required to determine whether the Owners are necessary parties in this action.

Here, the defendants point to two pieces of evidence to establish an agency relationship. First, defendants implicitly suggest that the status of the parties establishes plaintiff as the agent of the Owners. Because the plaintiff acted as the manager of the Owners' property, an agency relationship can be inferred. Second, defendants point to the plaintiff's complaint in which it describes itself as an agent of the Owners. This evidence, however, is insufficient. While the admission in plaintiff's complaint is the strongest piece of evidence in defendants' arsenal, it is not conclusive. This admission does not indicate the nature of the agency relationship. Thus, we cannot determine whether plaintiff was the agent of the Owners for all purposes, for a limited purpose, or whether plaintiff and the Owners were copromisors. Nor can we determine whether the alleged principal was disclosed to defendants at the time of the execution of the contracts. Consequently, defendants have not met their burden of establishing the Owners as necessary parties.

## II. Permissive Joinder

**\*4** While we cannot allow defendants to join the Owners on the basis of Rule 19, Rule 20's standards are less restrictive. Under Rule 20, a person may be joined in an action where a party asserts a joint, several, or alternative right to relief against that person arising out of the same transaction or occurrence that gave rise to the underlying action and the new claim presents a question of law or fact common to both claims. Fed.R.Civ.P. 20(a). Joinder is strongly encouraged where it will promote trial convenience and prevent multiple lawsuits. *Filippini v. Ford Motor Co.,* 110 F.R.D. 131 (N.D.Ill.1986). Consequently, Rule 20 's two requirements, same transaction or occurrence and common question of law or fact, have been interpreted quite liberally by the courts. 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1653.

It is clear that defendants assert an alternative right to relief, permissible under the language of the rule. In essence, defendants claim that if the plaintiff is found to be the mere agent of the Owners, any breach by the plaintiff would likely be imputed to the Owners. However, if as plaintiff contends, plaintiff is the real party in interest, plaintiff would be liable for any breach. Thus, the right defendants assert comports with the language of the rule, the questions which remain are whether defendants' claims against plaintiff and the Owners arise out of the same transaction or occurrence and whether the claims involve common questions of law or fact.

As indicated previously, the same transaction or occurrence requirement has been liberally applied. *See Hess v. Gray,* 85 F.R.D. 15 (N.D.Ill.1979) (Aspen, J.). Indeed, courts are inclined to find this requirement met "when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *See* 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1653 (citing *Kainz v. Anheuser-Busch, Inc.,* 194 F.2d 737

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Page 4

1990 WL 106490 (N.D.Ill.)

**(Cite as: 1990 WL 106490 (N.D.Ill.))**

(7th Cir.), *cert. denied,* 344 U.S. 820 (1952)). Here, however, elaborate analysis is unnecessary. Because the defendants claims against the Owners are essentially based on an alternative liability theory, the transaction or occurrence from which the supplemental counterclaims arose is necessarily identical to the transaction or occurrence which gave rise to the counterclaims against the plaintiff. All counterclaims in this suit and those defendants seek to bring arose out of either the plaintiff's or, alternatively, the Owners' alleged breach of the security and janitorial services contracts by failing to make payments as required under those contracts.

Similarly, the supplemental counterclaim presents common questions of both fact and law. Plaintiff will attempt to establish the defendants' breach by showing that the defendants did not perform as required by the contracts. Defendants will attempt to demonstrate that they performed satisfactorily and complied with the contracts' requirements. If defendants are able to establish that they performed according to the contract, either plaintiff or the Owners may owe the defendants amounts due for past services rendered. Accordingly, the facts involved and the legal issues, contractual and quasi-contractual theories of recovery, are identical in both actions.

*5 Additionally, we note that joining the Owners in this action will not destroy this court's jurisdiction. Defendants allege and the plaintiffs do not dispute that each of the Owners is a citizen of Illinois, as is the plaintiff. Defendants are citizens of New York and thus diversity will not be destroyed by the addition of the Owners.

In responding to this motion, the plaintiff has, for the most part, failed to address the merits of the joinder issue and instead has argued that the supplemental counterclaim defendants seek to assert lacks merit. Rule 20 does not set forth any requirements on this question but is premised on the assumption that the movant has a viable claim to bring. The requirements relating to the claim itself must be found in Rule 15.

Whether a federal court should grant a party leave to amend his pleadings or file supplemental pleadings is governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires...." Fed.R.Civ.P. 15(a). Moreover, this mandate must be construed in light of the Supreme Court's repeated command that all the federal rules are to be liberally construed with the purpose of getting to the merits of the case. *See Foman v. Davis,* 371 U.S. 178, 181- 82 (1962) (citing *Conley v. Gibson,* 355 U.S. 41, 48 (1957)).

Notwithstanding this general liberality, there are limits. Thus, the Supreme Court has also stated that a motion to amend brought pursuant to Rule 15(a) may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in the amendment, futility of the amendment, etc." *Foman,* 371 U.S. at 182.

What plaintiff argues in this case is that defendants claim is futile. In essence, the counterclaim fails to state a claim upon which relief can be granted. While it is true that defendants must assert a cause of action upon which relief may be granted, we find that requirement satisfied in this case. First, plaintiff's conclusory assertion denying the alleged principal-agency relationship between itself and the Owners is of little value. Plaintiff has merely stated to this court that the Owners are not a party to the contracts. Plaintiff has presented no discussion of facts and no arguments which would support this contention. The nature of the relationship between these two entities is unclear at this point. Furthermore, the question of an agency relationship is one that turns on the peculiar facts of the case. Thus, it is a question best left to the trier of fact.

Here, based on the facts presented, we cannot find that defendants' counterclaim against the Owners is futile. Should defendants establish an agency relationship between the plaintiff and the Owners, and further, establish breach, defendants could likely recover against the Owners. The durability of this counterclaim, however, turns on establishing an agency relationship. Thus, were the plaintiff to challenge the counterclaim pursuant to a summary

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5
1990 WL 106490 (N.D.Ill.)

**(Cite as: 1990 WL 106490 (N.D.Ill.))**

judgment motion and satisfy this court that no agency relationship existed upon which the Owners' liability could be predicated, judgment would necessarily be granted in the Owners' favor. Nonetheless, at this point in the proceedings, where all that is at issue is joinder, it is inappropriate to address the merits of the particular claim beyond the extent necessary to determine that Rule 15's liberal standards have been satisfied.

CONCLUSION

*6 We find that granting joinder in this case will promote the goal of permitting all reasonably related claims for relief to be tried in a single proceeding. The defendants assert an alternative theory of recovery based on the same transaction and occurrences which gave rise to the underlying counterclaim. Additionally, beyond the agency question, which is unique to the supplemental counterclaim, the questions of law and issues of fact are identical to those in the original counterclaim. Accordingly, defendants' motion is granted.

**Motions, Pleadings and Filings (Back to top)**

- 1:90CV01389  (Docket)

(Mar. 09, 1990)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.