E-FILED
Wednesday, 15 June, 2005 5:11:12 PM
Clerk, U.S. District Court, ILCD

FILED
JUN 15 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 04-3060 |
| ROBERT SPATES d/b/a SPATES CONSTRUCTION, | ) ) ) |
| Defendant. | ) |

## RESPONSE TO PLAINTIFFS' MOTION TO JOIN SPATES CONTRACTING, INC.

**ROBERT A. SPATES d/b/a SPATES CONSTRUCTION**, Defendant, for his Response to Plaintiffs' Motion to Join Spates Contracting, Inc., states:

1. That Spates Contracting, Inc., was not a signatory to the agreement and did not sign any written agreements which assume the obligations of Spates Construction. Spates Contracting, Inc., was not in existence when the obligations of Spates Construction were created.

2. That, from time to time, Spates Contracting, Inc., employed persons who were members of the unions participating in the Plaintiffs' funds and, for those employees, Spates Contacting, Inc., voluntarily paid contributions on behalf of its employees after its date of incorporation, January 6, 1998.

3. That the audit report prepared by Romolo & Associates for the period December 29, 1998 through December 31, 2002, includes contributions for employees that were not employed by Spates Contracting, Inc. It also includes employees which were members of unions for which contributions were paid to the members funds through Indiana instead of Illinois.

4. That the Plaintiffs continue to seek money contributions for employees that were not employed by Spates Contracting, Inc., and continue to seek money for contributions which were already paid through Indiana.

5.    That Spates Contracting, Inc., paid all contributions incurred on behalf of its employees, in part, to the Illinois Central Laborers' Pension Fund and, in part, to the Indiana Central Laborers' Pension Fund.

6.    That Spates Contracting, Inc., has paid the amounts due and owing on behalf of its employees.

7.    That the employees of Spates Contracting, Inc., acknowledge that they were paid in full by Spates Contracting, Inc., and agree that no wages and/or contributions are outstanding from Spates Contracting, Inc.

**WHEREFORE, ROBERT A. SPATES d/b/a SPATES CONSTRUCTION, INC.**, objects to Spates Contracting, Inc., being joined as a party to this suit and prays that this Court deny Plaintiffs' Motion to Join Spates Contract, Inc., and for such other relief as is appropriate in the premises.

**ROBERT A. SPATES d/b/a SPATES CONSTRUCTION**, Defendant

BY: _/s/ Robert A. Spates_
ROBERT A. SPATES

## PROOF OF SERVICE

      **ROBERT A. SPATES**, Defendant in the above-entitled matter, hereby certifies that he did on the 14th day of June, 2005, mail by first class, United States Mail, postage fully prepaid, a copy of the above addressed to James P. Moody, 407 E. Adams, P.O. Box 5043, Springfield, IL 62705.

 

                                                                           _/s/ Robert A. Spates_
                                                                             ROBERT A. SPATES

**ROBERT A. SPATES**
710 N. Dunham
Decatur, IL 62522
(217) 428-5837

3

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, et al., </br></br>Plaintiffs, </br></br>vs. </br></br>ROBERT SPATES d/b/a SPATES CONSTRUCTION, </br></br>Defendant. | )</br>)</br>)</br>)</br>)</br>) Case No. 04-3060</br>)</br>)</br>)</br>)</br>) |

## AFFIDAVIT

**ROBERT A. SPATES,** Defendant herein, first being duly sworn on oath, deposes and says:

1. Affiant is of legal age, under no legal disability and can competently testify to the things and matters hereinafter set forth.

2. Affiant is the Defendant in the above-entitled cause.

3. Affiant states that Spates Contracting, Inc., was not a signatory to the agreement and did not sign any written agreements which assume the obligations of Spates Construction. Spates Contracting, Inc., was not in existence when the obligations of Spates Construction were created.

4. Affiant states that, from time to time, Spates Contracting, Inc., employed persons who were members of the unions participating in the Plaintiffs' funds and, for those employees, Spates Contacting, Inc., voluntarily paid contributions on behalf of its employees after its date of incorporation, January 6, 1998.

5. Affiant states that the audit report prepared by Romolo & Associates for the period December 29, 1998 through December 31, 2002, includes contributions for employees that were not employed by Spates Contracting, Inc. It also includes employees which were members of unions for which contributions were paid to the members funds through Indiana instead of Illinois.

6.  Affiant states that the Plaintiffs continue to seek money contributions for employees that were not employed by Spates Contracting, Inc., and continue to seek money for contributions which were already paid through Indiana.

7.  Affiant states that Spates Contracting, Inc., paid all contributions incurred on behalf of its employees, in part, to the Illinois Central Laborers' Pension Fund and, in part, to the Indiana Central Laborers' Pension Fund.

8.  Affiant states that Spates Contracting, Inc., has paid the amounts due and owing on behalf of its employees.

9.  Affiant states that the employees of Spates Contracting, Inc., acknowledge that they were paid in full by Spates Contracting, Inc., and agree that no wages and/or contributions are outstanding from Spates Contracting, Inc.

**FURTHER,** Affiant sayeth not.

_____
ROBERT A. SPATES

**SWORN TO** and **SUBSCRIBED** before me, this 14th day of June, 20045

_____
NOTARY PUBLIC

OFFICIAL SEAL
JACLYN J MEEK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/04/08

**ROBERT A. SPATES**
710 N. Dunham
Decatur, IL 62522
(217) 428-5837