E-FILED
Wednesday, 05 October, 2005  09:34:43 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, ILLINOIS LABORERS' AND CONTRACTORS TRAINING TRUST FUND, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, SOUTH CENTRAL LABORERS' OF IL VACATION FUND, CENTRAL, ILLINOIS LABORERS AND EMPLOYERS COOPERATION AND EDUCATION TRUST (LECET), LABORERS' POLITICAL LEAGUE, CENTRAL ILLINOIS MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, and LABORERS' LOCALS #152, #159 AND #703, </br></br>          Plaintiffs, </br></br>vs. </br></br>SPATES CONTRACTING, INC. AND ROBERT SPATES d/b/a SPATES CONSTRUCTION, </br></br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Case No: 04-3060 |

## SECOND AMENDED COMPLAINT

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al*, by its attorneys, Cavanagh & O'Hara, complaining of the Defendants, SPATES CONTRACTING, INC. and ROBERT SPATES d/b/a SPATES CONSTRUCTION, and allege as follows:

1.  This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §1145.

2.  The Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al*, are employee benefit funds administered pursuant to the terms and provisions of Declarations of Trust creating said funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act

1

of 1974 (as amended), 29 U.S.C. §§1001 *et seq.* The address and place of business of Plaintiffs is Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267. Central Laborers' Pension, Welfare and Annuity Funds are the collection agent for the other named Plaintiffs.

3.    The Defendants are Employers engaged in an industry within the meaning of ERISA, 29 U.S.C. Sections 1002 (5), (11), (12) and (14). The Defendant employed individuals who were members of, and represented by Laborers' International Union of North America, AFL-CIO, and said individuals are participants in Plaintiffs' employee benefit funds.

4.    The Defendants' principal address is 710 North Dunham Street, Decatur, IL 62522.

5.    Robert Spates, doing business as Spates Construction, executed Participation Agreements with Plaintiffs in 1986, 1989, 1990 and 1992, which obligated him to contribute to Plaintiffs. (**See** Participation Agreements are attached as Exhibit A to First Amended Complaint).

6.    Robert Spates ceased doing business as Spates Construction in the Fall of 1997.

7.    Robert Spates incorporated Spates Contracting, Inc. on January 6, 1998, as an Illinois Corporation. Robert Spates became the president and sole shareholder of the newly formed corporation.

8.    That same year, Robert Spates personally filed for Chapter 7 bankruptcy on September 18, 1998, listing Plaintiffs as unsecured creditors.

9.    Robert Spates was discharged in bankruptcy on December 28, 1998.

10.    Robert Spates signed and remitted contribution reporting forms for Spates Contracting, Inc. during 1998, 1999, 2000, 2001 and 2002. Robert Spates also made contributions to Plaintiffs during this period.

11. The contribution reporting forms state in pertinent part that:

> We certify that this report includes all hours worked by employees in our employment within the territorial and occupational jurisdiction of the Central Laborers' Funds for the month shown above and further, that the Employer whose name and entity is set forth below, subscribes to and agrees to be bound by and confirms and adopts all of the provisions and terms of the Agreement and Declarations of Trust establishing the Central Laborers Welfare Fund . . . and all amendments, revisions, additions and deletions thereto as to both Trust Agreements . . . and further agrees to accept as a personal obligation for himself and on behalf of his firm to oversee the payment of the established rates of contributions to the aforesaid Funds . . .

12. By its course of conduct, Spates Contracting, Inc. and Robert Spates, individually, assumed the Agreements in place between Spates Construction and Plaintiffs.

13. Spates Contracting, Inc. was involuntarily dissolved by the Illinois Secretary of State on June 1, 2000.

14 Robert Spates had notice of the involuntarily dissolution by virtue of his position as president and sole shareholder of Spates Contracting, Inc.

15. Under the Illinois Business Corporation Act, 805 ILCS 5/3.20, "all persons who assume to exercise corporate powers without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof."

16. On information and belief, Robert Spates failed to adhere to the corporate formalities and continued to operate the business of Spates Contracting, Inc. after the corporation was involuntarily dissolved.

17. On information and belief, Robert Spates retained corporate assets for his own benefit and exercised corporate powers without authority.

18. Spates Contracting, Inc. was reinstated as a corporation on April 1, 2005.

19. Pursuant to the Agreements and Declaration of Trusts, Plaintiffs are authorized and empowered to examine the payroll books and records of the Defendants to determine whether the employer is making full payment as required under the collective bargaining agreement.

20. Plaintiffs engaged Romolo and Associates, C.P.A. to examine the payroll records of the Defendants.

21. Romolo and Associates, C.P.A. have determined that the Defendants owe Plaintiffs the following:

| | |
|---|---:|
| 1998 contributions | $916.38 |
| 1999 contributions | 629.34 |
| 2000 contributions | 562.59 |
| 2002 contributions | 2,075.59 |
| 2002 working dues | 194.63 |
| Subtotal | 4,378.53 |
| Liquidated damages @ 10% | 437.85 |
| Audit costs | 730.00 |
| Liquidated damages March 1999 | 91.23 |
| Liquidated damages May 2001 | 116.99 |
| Report form shortages August 1999 | 75.50 |
| Report form shortages May 2001 | 290.24 |
| Total | $6,120.34 |

A detailed breakdown of the contributions owed for the period from 1998 through 2002 are included in **Exhibit 1** attached hereto and incorporated herein.

22. Plaintiffs have made demand upon the Defendants for said amount, but the Defendants have failed to satisfy the demand.

23. Pursuant to the terms of the trust agreements and ERISA, 29 U.S.C. §1132(g)(2), the Defendants are liable for reasonable attorney fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions and liquidated damages.

WHEREFORE, Plaintiffs pray as follows:

A. For Judgment in favor of Plaintiffs and against Defendants for contributions, liquidated damages and audit costs in the amount of $6,120.34, and further any unpaid contributions and liquidated damages unpaid at the time Judgment is rendered;

B. That Defendants be specifically required to perform and continue to perform all its obligations to the Plaintiffs, particularly to furnish to the Plaintiffs the required contribution payments heretofore referred to, or in lieu thereof, a statement covering the period for which said report is required that Defendants had no employees for whom contributions are required to be made;

C. That Defendants be decreed to pay to the Plaintiffs its reasonable attorney fees as provided by the trust agreements and ERISA, 29 U.S.C. §1132(g)(2);

D. That Defendants be decreed to pay all costs attendant to these proceedings;

E. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendants' cost.

        CENTRAL LABORERS' PENSION
        FUND, *et al.*, Plaintiffs,

        By: s/ James P. Moody
        JAMES P. MOODY
        **CAVANAGH & O'HARA**
        407 East Adams Street
        P. O. Box 5043
        Springfield, IL 62705
        Telephone: (217) 544-1771
        Facsimile: (217) 544-9894
        jim@cavanagh-ohara.com

F:\wpdocs\John L\Central Laborers\Central Laborers' Delinquency\Spates\SecondAmended Complaint.wpd

**CERTIFICATE OF SERVICE**

  James P. Moody hereby certifies that he has served a copy of the forgoing Second Amended Complaint upon:

  Robert Spates, President
  Spates Contracting, Inc.
  710 North Dunham Street
  Decatur, IL 62522

by depositing the same in a correctly addressed, prepaid envelope and depositing same in the United States Mail in Springfield, Illinois on October 5, 2005.

              s/ James P. Moody
              James P. Moody
              JAMES P. MOODY
              **CAVANAGH & O'HARA**
              407 East Adams Street
              P. O. Box 5043
              Springfield, IL 62705
              Telephone: (217) 544-1771
              Facsimile:  (217) 544-9894
              jim@cavanagh-ohara.com

F:\wpdocs\John L\Central Laborers\Central Laborers' Delinquency\Spates\SecondAmended Complaint.wpd